KRISTIN A. PELLETIER, Acting City Attorney
MOSES W. JOHNSON, IV (SBN 118769)
Assistant City Attorney
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants CITY OF ANAHEIM, CITY OF ANAHEIM erroneously sued as ANAHEIM POLICE DEPARTMENT, and RAUL QUEZADA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTIAN DORSCHT, a Minor, By and Through his Guardian Ad Litems, Alma Jimenez and John Dorscht; ALMA JIMENEZ; and JOHN DORSCHT,

Plaintiffs,

v.

THE CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, RAUL QUEZADA CHIEF OF ANAHEIM POLICE DEPARTMENT, THE CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHARLIE BECK CHIEF OF POLICE OF LOS ANGELES POLICE DEPARTMENT, LAPD OFFICER KEVIN FERGUSON, and DOES 1 through 50, Inclusive,

Defendants.

Case No.: 8:17-cv-01162 DOC (JCG)

**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**

[Discovery Document: Referred to Magistrate Judge Jay C. Gandhi]

Action Filed: 6/27/2017
Trial Date: 9/25/2018

On or about February 27, 2018, the parties stipulated to a protective order regarding confidential information and seek to have a protective order entered by the Court based on that stipulation. The stipulation has been filed with the Court. Based on that Stipulation and it appearing that the information is confidential and

good cause appearing therefor, the following Protective Order shall apply to any Documents produced by Defendants City of Anaheim, Anaheim Police Dept. and Raul Quezada Chief of Anaheim Police Dept. to Counsel in this action:

1. **GOOD CAUSE STATEMENT:** This action involves information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of the Anaheim police investigation and the City of Anaheim Police Department's Body Worn Camera videos (which includes information implicating privacy rights of third parties including minors as parties and witnesses), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

2. All Counsel shall receive from the Defendant City of Anaheim a copy of the Anaheim police investigation and the Anaheim Police Department Body Worn Camera videos in connection with the incident and arrest of minor Plaintiff, C. D. (“File”).

3. Counsel shall personally secure and maintain the File in their possession to the end that the File is to be used only for the purposes set forth below and for no other purpose.

4. Counsel’s copy of the File shall only be used for preparing for and prosecuting this case pending the completion of the judicial process including appeal, if any. No copies of the File shall be made, except to provide a copy to

an expert who must agree to be bound by the Protective Order.

5. If necessary in the judgment of the attorneys for the parties in this case, they may make a copy of the File for their expert if the same may actively assist in the prosecution of this case, as long as the expert agrees to be bound by the terms of this Protective Order. No other copies may be made.

**Minors Privacy**: The minors privacy must be appropriately addressed by: (1) redacting the minors' identifying information—including, but not limited to, Social Security numbers, dates of birth, etc.—from any documents produced. Keith H. v. Long Beach Unified Sch. Dist. (CD CA 2005) 228 FRD 652, 658.

"[P]rivacy objections can be appropriately addressed by: (1) redacting the [minor]s' identifying information—including names, Social Security numbers, dates of birth, etc.—from the documents produced and, if necessary, using pseudonyms or codes to identify the students, see Foltz v. State Farm Mut. Ins. Co., 331 F.3d 1122, 1137 (9th Cir.2003) (holding third-party privacy information can be protected by '[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers) from the[ir] records and disclosing the remaining information'), and, (2) producing documents under a protective order to minimize any invasion of the [minor]s' privacy rights. Id.... Coupled with a protective order, it is sufficient for defendants to redact each [minor]'s name, Social Security number, date of birth, address, and telephone number, as well as the [minor]'s parent's or guardian's name, address, telephone number, and Social Security number. If defendants redact the [minor]'s identification number and similar identifying numbers, they must replace those numbers with some other method of identification, e.g., John Doe I, II, III, etc., by which plaintiff can ascertain whether the documents produced relate to the same or different individuals." Keith H. v. Long Beach Unified Sch. Dist. (CD CA 2005) 228 FRD 652, 658.

In efforts to preserve minor confidentiality and privacy, yet move forward

with discovery in the instant matter, Defendant City of Anaheim shall redact the following from the Anaheim Police Department police report documenting the relevant investigation:  Names of all minors other than Plaintiff C.D., contact information of all minors, Social Security numbers, driver's license numbers and any booking information for said minors along with any statements provided by the minors.  The redacted report will be produced to all parties upon entry of the subject Protective Order.

"Welfare and Institutions Code §827 governs the inspection and release of juvenile … records.  Section 827 provides, in pertinent part, "A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be disseminated ... other than [to] those ... authorized to receive documents ..."  Cal. Welf. & Inst. Code §827(a)(4).  There is a strong public policy in keeping juvenile court records confidential, and it is up to the juvenile court to determine when disclosure of such records is allowed.  In re Keisha T., 38 Cal.App.4th 220, 231, 44 Cal.Rptr.2d 822 (Cal.Ct.App.1995)." Buzayan v. City of Davis Police Dep't (ED CA 2007) 2007 WL 2288334, at *6.

Plaintiffs' counsel will petition the juvenile court pursuant to Welfare and Institutions Code §827 seeking production of the entire Anaheim Police Department investigation including all audio and video recordings of minors, i.e. Body Worn Camera video footage.  Section 827 contemplates situations in which inspection by third parties will be permitted and puts the protection of confidentiality of the records within the discretion of the juvenile court which is in the best positon and statutorily authorized to make the decision of whether and what material should be released.  Once an Order is entered by the juvenile court, Defendant City of Anaheim will produce the records, including audio and video of minors, with redactions set forth in the juvenile court's Order to all parties.

6.	Duration:  Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order

becomes public unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Kamakana v. City and County of Honolulu (9th Cir. 2006) 447 F.3d 1172, 1180-1181 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the general terms of this protective order do not extend beyond the commencement of the trial, except as to minors.

7. Final Disposition: After the final disposition of this Action, Counsel shall return all Protected Material and/or Confidential Information to counsel for the City of Anaheim or shall destroy such material, including all copies and extracts thereof, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material and/or Confidential Information with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material Protected Material and/or Confidential Information produced subject to this order. Any such archival copies that contain or constitute Protected Material and/or Confidential Information remain subject to this Protective Order.

8. Counsel shall cause the substance of this order to be communicated to each person to whom the File is revealed in accordance with this order and prior to disclosure of the Confidential Information, have such person execute a written Understanding and Agreement to be bound by this Stipulation for Protective Order in the form attached hereto as Exhibit 1.

9. Counsel shall not cause or knowingly permit disclosure of the

contents of the File beyond the disclosure permitted under the terms and conditions of this order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:

Dated: March 5. 2018

HON. JAY C. GANDHI
United States Magistrate Judge

EXHIBIT 1

UNDERSTANDING AND AGREEMENT TO BE BOUND

PURSUANT TO PROTECTIVE ORDER

I declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California in the case of C.D., et al v. CITY OF ANAHEIM, et al., Case No. SACV 17-01162 DOC (JCG), now pending in the District Court. I understand the Stipulation and Protective Order and agree to comply with and to be bound by all the terms of the Stipulation and Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of the Stipulation and Protective Order.

DATED:_______________

By: ______________________________
SIGNATURE

______________________________
PRINT NAME

______________________________
ADDRESS

______________________________
CITY, STATE, ZIP

<UNDEFINED>v<UNDEFINED>