1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12

C. D., a Minor, By and Through his
Guardian Ad Litems, Alma Jimenez and
John Dorscht; ALMA JIMENEZ; and
JOHN DORSCHT,

13
14

                          Plaintiffs,

        vs.

15
16
17
18
19
20
21
22
23

THE CITY OF ANAHEIM, ANAHEIM
POLICE DEPARTMENT, RAUL
QUEZADA CHIEF OF ANAHEIM
POLICE DEPARTMENT, THE CITY
OF LOS ANGELES, LOS ANGELES
POLICE DEPARTMENT, CHARLIE
BECK CHIEF OF POLICE OF LOS
ANGELES POLICE DEPARTMENT,
OFFICER KEVIN FERGUSON, and
DOES 1 through 50, Inclusive,

                          Defendants.

**Case No. CV17-01162-DOC (JCGx)**
*Hon. David O. Carter, 9D, 9th Fr.*
*Hon. Mag. Jay C. Gandhi, 6A, 6th Fr.*

[PROPOSED] **STIPULATED PROTECITIVE ORDER**

24
25
26
27
28

## 1a.  PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1   Accordingly, the parties hereby stipulate to and petition the Court to enter the

2   following Stipulated Protective Order. The parties acknowledge that this Order does

3   not confer blanket protections on all disclosures or responses to discovery and that the

4   protection it affords from public disclosure and use extends only to the limited

5   information or items that are entitled to confidential treatment under the applicable

6   legal principles. The parties further acknowledge, as set forth in Section 12.3, below,

7   that this Stipulated Protective Order does not entitle them to file confidential

8   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

9   followed and the standards that will be applied when a party seeks permission from

10  the court to file material under seal.

11         The parties further acknowledge that this protective order does not in any way

12  alter or affect the protective order previously signed by the Court on March 5, 2018,

13  on file with the Court at Document 28.

14

15  **1b.   <u>GOOD CAUSE STATEMENT</u>**

16         The Los Angeles Police Department conducted a categorical use of force

17  investigation into the incident which gives rise to this lawsuit. As part of the

18  investigation compelled statements were taken from an off-duty Los Angeles police

19  officer. Such information is obtained through the administrative investigation of this

20  matter by the LAPD and maintained as confidential peace officer personnel records

21  and utilized for administrative issues. A protective order is appropriate for this

22  information and related documents as such internal investigations can be used to

23  ascertain if police policies and procedures in such areas as supervision, training,

24  tactics, policies, etc., should be modified. These internal investigations are an

25  essential aid to providing a critical, self-evaluation of LAPD officers and policies and

26  accordingly serve the City of Los Angeles.

27

28

1   Once completed, an FID report and/or Personnel Complaint Investigation is
2   prepared. Such reports are reviewed by appropriate command officers in the
3   Department and by the Board of Police Commissioners. This review has several
4   purposes: (1) to determine whether the involved officers violated any Department
5   policies or procedures; (2) to determine whether administrative discipline and/or
6   retraining of the involved officers is necessary; (3) to ascertain if police policies and
7   procedures in such areas as supervision, training, tactics, policies, etc.; should be
8   modified. In sum, FID reports and/or Personnel Complaint Investigations are an
9   essential aid to providing critical self-evaluation of Department officers and policies
10  and to determine the most effective way to serve the citizens of Los Angeles.

11  Additionally, other confidential documents may have been generated as part of
12  the incident by the Los Angeles Police Department. This may include names and
13  personal information for third-parties or juveniles in the documents and/or audio
14  recordings generated by the Los Angeles Police Department. A protective order is
15  appropriate for this information and all third-party information, to protect their privacy
16  and prevent embarrassment or humiliation for persons involved and not involved in
17  this litigation.

18  Further, LAPD internal affairs complaint investigations, unrelated LAPD use of
19  force investigations and other confidential, Los Angeles Police Department peace
20  officer personnel records may, at some point, also be produced as a part of discovery
21  in this litigation. For identical reasons as those listed in the first paragraph of this
22  section, a protective order is appropriate for any such information which may be
23  produced as a part of this litigation.

24  **MINOR'S PRIVACY**: The minor's or juvenile's privacy must be
25  appropriately addressed by: (1) redacting the minors' identifying information—
26  including, but not limited to, Social Security numbers, dates of birth, etc.—from any
27
28

1    documents produced.  *Keith H. v. Long Beach Unified Sch. Dist.*, 228 FRD 652, 658
2    (CD CA 2005).

3         "[P]rivacy objections can be appropriately addressed by: (1) redacting the
4    [minor]s' identifying information—including names, Social Security numbers, dates
5    of birth, etc.—from the documents produced and, if necessary, using pseudonyms or
6    codes to identify the students, *see Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122,
7    1137 (9th Cir.2003) (holding third-party privacy information can be protected by
8    '[s]imply redacting the identifying information of third parties (e.g., their names,
9    addresses, telephone numbers, and social security numbers) from the[ir] records and
10   disclosing the remaining information'), and, (2) producing documents under a
11   protective order to minimize any invasion of the [minor]s' privacy
12   rights.  Id.....  Coupled with a protective order, it is sufficient for defendants to redact
13   each [minor]'s name, Social Security number, date of birth, address, and telephone
14   number, as well as the [minor]'s parent's or guardian's name, address, telephone
15   number, and Social Security number. If defendants redact the [minor]'s identification
16   number and similar identifying numbers, they must replace those numbers with some
17   other method of identification, e.g., John Doe I, II, III, etc., by which plaintiff can
18   ascertain whether the documents produced relate to the same or different
19   individuals." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 FRD 652, 658(CD CA
20   2005) .

21        In efforts to preserve minor confidentiality and privacy, yet move forward with
22   discovery in the instant matter, Defendant City of Los Angeles, Los Angeles Police
23   Department, Charlie Beck shall redact the following from the written LAPD Force
24   Investigation Division investigative report from the underlying incident:  Names of all
25   minors other than Plaintiff C.D., contact information of all minors, Social Security
26   numbers, driver's license numbers and any booking information for said minors along
27   with any statements provided by the minors.  The redacted written investigation will
28   be produced to all parties upon entry of the subject Protective Order.

1       "Welfare and Institutions Code §827 governs the inspection and release of

2   juvenile ... records.  Section 827 provides, in pertinent part, "A juvenile case file, any

3   portion thereof, and information relating to the content of the juvenile case file, may

4   not be disseminated ... other than [to] those ... authorized to receive documents

5   ..." Cal. Welf. & Inst. Code §827(a)(4).  There is a strong public policy in keeping

6   juvenile court records confidential, and it is up to the juvenile court to determine when

7   disclosure of such records is allowed.  *In re Keisha T.*, 38 Cal.App.4th 220, 231, 44

8   Cal.Rptr.2d 822 (Cal.Ct.App.1995)." *Buzayan v. City of Davis Police Dep't*, (ED CA

9   2007) 2007 WL 2288334, at *6.

10       Plaintiffs' counsel will petition the juvenile court pursuant to Welfare and

11   Institutions Code §827 seeking production of the unredacted LAPD Force

12   Investigation Division written report.  Section 827 contemplates situations in which

13   inspection by third parties will be permitted and puts the protection of confidentiality

14   of the records within the discretion of the juvenile court which is in the best positon

15   and statutorily authorized to make the decision of whether and what material should

16   be released.  Defendants City of Los Angeles, Los Angeles Police Department and

17   Charlie Beck will not produce any addenda to its FID investigation report that was

18   originally generated by Defendants City of Anaheim or Anaheim Police Department.

19

20   **1c.**   **MARCH 5, 2018 PROTECTIVE ORDER**

21       This protective order does not affect or alter the protective order previously

22   signed by the Court in this matter on March 5, 2018.  The March 5, 2018 protective

23   order applies to "any Documents produced by Defendants City of Anaheim, Anaheim

24   Police Dept. and Raul Quezada Chief of Anaheim Police Dept. to Counsel in this

25   action[.]" Doc. 28, p. 2, lines 1-3.  To the extent that any documents in the possession

26   of Defendants City of Los Angeles, Los Angeles Police Department & Charlie Beck

27   were obtained as part of the LAPD's administrative/internal investigation of the

28   underlying incident, and are duplicative of documents generated by the City of

Anaheim Defendants as part of their investigation into or response to the underlying incident, are understood to remain subject to the March 5, 2018 protective order. Accordingly, any such City of Anaheim documents will not be produced by Defendants City of Los Angeles, Los Angeles Police Department and/or Charlie Beck and any production must be made by the City of Anaheim Defendants.

**2.** **DEFINITIONS**

2.1    Action: This pending federal lawsuit, C.D., a minor, et al., v. The City of Anaheim, et al, 8:17-cv-01162 DOC (JCGx).

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1        2.8   House Counsel:  attorneys who are employees of a party to this Action.

2   House Counsel does not include Outside Counsel of Record or any other outside

3   counsel.

4        2.9   Non-Party:  any natural person, partnership, corporation, association, or

5   other legal entity not named as a Party to this action.

6        2.10   Outside Counsel of Record:  attorneys who are not employees of a party

7   to this Action but are retained to represent or advise a party to this Action and have

8   appeared in this Action on behalf of that party or are affiliated with a law firm which

9   has appeared on behalf of that party, and includes support staff.

10        2.11   Party:  any party to this Action, including all of its officers, directors,

11   employees, consultants, retained experts, and Outside Counsel of Record (and their

12   support staffs).

13        2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

14   Discovery Material in this Action.

15        2.13   Professional Vendors:  persons or entities that provide litigation support

16   services (e.g., photocopying, videotaping, translating, preparing exhibits or

17   demonstrations, and organizing, storing, or retrieving data in any form or medium)

18   and their employees and subcontractors.

19        2.14   Protected Material:  any Disclosure or Discovery Material that is

20   designated as "CONFIDENTIAL."

21        2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material

22   from a Producing Party.

23

24   **3.   <u>SCOPE</u>**

25        The protections conferred by this Stipulation and Order cover the Los Angeles

26   Police Department's Force Investigation Division ("FID") report 14-17, documents

27   and/or audio generated as part of that investigation, confidential peace officer

28   personnel records, LAPD internal affairs investigations, unrelated LAPD FID

1   investigations and also (1) any information copied or extracted from Protected

2   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

3   and (3) any testimony, conversations, or presentations by Parties or their Counsel that

4   might reveal Protected Material.

5        Any use of Protected Material at trial shall be governed by the orders of the trial

6   judge.  This Order does not govern the use of Protected Material at trial.

7        As noted in Section 1a and 1c, this protective order does not apply to or affect

8   the March 5, 2018 protective order.  Further, to the extent that any documents in the

9   possession of Defendants City of Los Angeles, Los Angeles Police Department &

10  Charlie Beck were obtained as part of the LAPD's administrative/internal

11  investigation of the underlying incident, and are duplicative of documents generated

12  by the City of Anaheim Defendants as part of their investigation into or response to

13  the underlying incident, are understood to remain subject to the March 5, 2018

14  protective order.  Accordingly, any such City of Anaheim documents will not be

15  produced by Defendants City of Los Angeles, Los Angeles Police Department and/or

16  Charlie Beck and any production must be made by the City of Anaheim Defendants.

17

18  **4.**   **DURATION**

19       Once a case proceeds to trial, all of the information that was designated as

20  confidential or maintained pursuant to this protective order becomes public and will

21  be presumptively available to all members of the public, including the press, unless

22  compelling reasons supported by specific factual findings to proceed otherwise are

23  made to the trial judge in advance of the trial.  See *Kamakana v. City and County of*

24  *Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006)  (distinguishing "good cause"

25  showing for sealing documents produced in discovery from "compelling reasons"

26  standard when merits-related documents are part of court record).  Accordingly, the

27  terms of this protective order do not extend beyond the commencement of the trial.

28

## 5.   **DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

1  efforts to assure that the material is treated in accordance with the provisions of this
2  Order.

3

4  **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5          6.1     Timing of Challenges.  Any Party or Non-Party may challenge a
6  designation of confidentiality at any time that is consistent with the Court's
7  Scheduling Order.

8          6.2     Meet and Confer.  The Challenging Party shall initiate the dispute
9  resolution process under Local Rule 37.1 et seq.

10         6.3     The burden of persuasion in any such challenge proceeding shall be on
11 the Designating Party. Frivolous challenges, and those made for an improper purpose
12 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
13 expose the Challenging Party to sanctions. Unless the Designating Party has waived or
14 withdrawn the confidentiality designation, all parties shall continue to afford the
15 material in question the level of protection to which it is entitled under the Producing
16 Party's designation until the Court rules on the challenge.

17

18 **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

19         7.1     Basic Principles. A Receiving Party may use Protected Material that is
20 disclosed or produced by another Party or by a Non-Party in connection with this
21 Action only for prosecuting, defending, or attempting to settle this Action. Such
22 Protected Material may be disclosed only to the categories of persons and under the
23 conditions described in this Order. When the Action has been terminated, a Receiving
24 Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

25         Protected Material must be stored and maintained by a Receiving Party at a
26 location and in a secure manner that ensures that access is limited to the persons
27 authorized under this Order.

28

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1         (i)     any mediator or settlement officer, and their supporting personnel,

2    mutually agreed upon by any of the parties engaged in settlement discussions.

3

4    **8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

5            **IN OTHER LITIGATION**

6         If a Party is served with a subpoena or a court order issued in other litigation

7    that compels disclosure of any information or items designated in this Action as

8    "CONFIDENTIAL," that Party must:

9         (a)     promptly notify in writing the Designating Party. Such notification

10   shall include a copy of the subpoena or court order;

11        (b)     promptly notify in writing the party who caused the subpoena or order to

12   issue in the other litigation that some or all of the material covered by the subpoena or

13   order is subject to this Protective Order. Such notification shall include a copy of this

14   Stipulated Protective Order; and

15        (c)     cooperate with respect to all reasonable procedures sought to be pursued

16   by the Designating Party whose Protected Material may be affected.

17        If the Designating Party timely seeks a protective order, the Party served with

18   the subpoena or court order shall not produce any information designated in this

19   action as "CONFIDENTIAL" before a determination by the court from which the

20   subpoena or order issued, unless the Party has obtained the Designating Party's

21   permission. The Designating Party shall bear the burden and expense of seeking

22   protection in that court of its confidential material and nothing in these provisions

23   should be construed as authorizing or encouraging a Receiving Party in this Action to

24   disobey a lawful directive from another court.

25   ///

26   ///

27   ///

28

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to  seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

14

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this
Stipulated Protective Order. Similarly, no Party waives any right to object on any
ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any
Protected Material must comply with Civil Local Rule 79-5. Protected Material may
only be filed under seal pursuant to a court order authorizing the sealing of the
specific Protected Material at issue. If a Party's request to file Protected Material
under seal  is denied by the court, then the Receiving Party may file the information in
the public record  unless otherwise instructed by the court.

## 13.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60
days of a written request by the Designating Party, each Receiving Party must return
all Protected Material to the Producing Party or destroy such material. As used in this
subdivision, "all Protected Material" includes all copies, abstracts, compilations,
summaries, and any other format reproducing or capturing any of the Protected
Material. Notwithstanding this provision, Counsel are entitled to retain an archival
copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
work product, and consultant and expert work product, even if such materials contain
Protected Material. Any such archival copies that contain or constitute Protected
Material remain subject to this Protective Order as set forth in Section 4
(DURATION).

///
///
///
///

14.  Any violation of this Order may be punished by any and all appropriate
measures including, without limitation, contempt proceedings and/or monetary
sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: <u>4/23/2018</u>          **THE LAW OFFICE OF ELENA M. TORRES**

By: _____/S/_____
**ELENA MEDINA TORRES**, Esq.
Attorney for Plaintiff

DATED: <u>4/23/2018</u>          **D'EGIDIO, LICARI, TOWNSEND & SHAH, APC**

By: _____/S/_____
**GREGORY PEACOCK**, Esq.
Attorney for Plaintiff

DATED: <u>4/23/2018</u>          **THE CHRISTL LAW FIRM**

By: _____/S/_____
**JOHN F. CHRISTL**, Esq.
Attorney for Defendant, Kevin Ferguson

DATED: <u>4/23/2018</u>          **KRISTIN A. PELLETIER, Acting City Attorney**

By: _____/S/_____
**MOSES W. JOHNSON, IV**, Esq.
Attorney for Defendants, City of Anaheim, et al.,

DATED: <u>4/23/2018</u>          **MICHAEL N. FEUER**, City Attorney

By: _____/S/_____
**MATTHEW P. MATTIS**, Deputy City Attorney
Attorney for Defendants City of Los Angeles, et al.,

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 4/24/2018   _____
~~HONORABLE JAY C. GANDHI~~
~~UNITED STATES MAGISTRATE JUDGE~~
JOHN E. McDERMOTT
UNITED STATES MAGISTRATE JUDGE

1    EXHIBIT A

2    ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4    I, _____ [print or type full name], of _____ [print

5    or type full address], declare under penalty of perjury that I have read in its entirety

6    and understand the Stipulated Protective Order that was issued by the United States

7    District Court for the Central District of California on [date] in the case of

8    _____ [insert formal name of the case and the number and initials assigned to

9    it by the court]. I agree to comply with and to be bound by all the terms of this

10   Stipulated Protective Order and I understand and acknowledge that failure to so

11   comply could expose me to sanctions and punishment in the nature of contempt. I

12   solemnly promise that I will not disclose in any manner any information or item that is

13   subject to this Stipulated Protective Order to any person or entity except in strict

14   compliance with the provisions of this Order. I further agree to submit to the

15   jurisdiction of the United States District Court for the Central District of California for

16   the purpose of enforcing the terms of this Stipulated Protective Order, even if such

17   enforcement proceedings occur after termination of this action.  I hereby appoint

18   _____ [print or type full name] of

19   _____ [print or type full address and

20   telephone number] as my California agent for service of process in connection with

21   this action or any proceedings related to enforcement of this Stipulated Protective

22   Order.

23   Date: _____

24   City and State where sworn and signed: _____

25   Printed name: _____

26   Signature: _____

27

28